UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CARL ULFSSON BONDE,

                                                 Index No. 1:23-CV-02877

                            Plaintiff,

     -against-

WEXLER & KAUFMAN, PLLC, BRETT WEXLER,        **ANSWER**
and EVAN TEICH

                             Defendants.
------------------------------------------------------------------X

       Defendants, WEXLER & KAUFMAN, PLLC, BRETT WEXLER and EVAN TEICH, by their attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, as and for their Answer to the Complaint herein, upon information and belief, allege:

### As to the Nature of the Case

       1.     Defendants deny the allegations set forth in paragraph "1" of the Plaintiff's Complaint, and refer all questions of law to the court.

       2.     Defendants deny the allegations set forth in paragraph "2" of the Plaintiff's Complaint, and refer all questions of law to the court.

       3.     Defendants deny the allegations set forth in paragraph "3" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that Defendants represented Plaintiff in the sale of his property located at 22 Renick Street, 7B, New York, New York that took place on August 22, 2022.

       4.     Defendants deny the allegations set forth in paragraph "4" of the Plaintiff's Complaint, and refer all questions of law to the court.

5. Defendants deny the allegations set forth in paragraph "5" of the Plaintiff's Complaint, and refer all questions of law to the court.

## As to Jurisdiction and Venue

6. Defendants deny the allegations set forth in paragraph "6" of the Plaintiff's Complaint, and refer all questions of law to the court.

7. Defendants deny the allegations set forth in paragraph "7" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that Defendant Wexler & Kaufman, PLLC's principal place of business is located at 1 Penn Plaza, Suite 3406, New York, New York 10119.

8. Defendants deny the allegations set forth in paragraph "8" of the Plaintiff's Complaint, and refer all questions of law to the court.

## As to The Parties

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained within paragraph "9" of the Plaintiff's Complaint.

10. Defendants admit the allegations set forth in paragraph "10" of the Plaintiff's Complaint.

11. Defendants deny the allegations set forth in paragraph "11" of the Plaintiff's Complaint, except admit that Defendant Wexler resides in New Jersey.

12. Defendants admit the allegations set forth in paragraph "12" of the Plaintiff's Complaint.

13. Defendants deny the allegations set forth in paragraph "13" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that Defendant Brett Wexler is a member of Wexler & Kaufman, PLLC.

14. Defendants admit the allegations set forth in paragraph "14" of the Plaintiff's Complaint.

15. Defendants admit the allegations set forth in paragraph "15" of the Plaintiff's Complaint.

16. Defendants deny the allegations set forth in paragraph "16" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that Defendant Evan Teich is an attorney employed at Wexler & Kaufman, PLLC and was admitted to practice law on August 4, 2022.

17. Defendants deny the allegations set forth in paragraph "17" of the Plaintiff's Complaint, and refer all questions of law to the court.

**As to Retainer of Defendants**

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained within paragraph "18" of the plaintiff's Complaint.

19. Defendants deny the allegations set forth in paragraph "19" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that Defendants represented

Plaintiff in the sale of his property located at 22 Renick Street, 7B, New York, New York that took place on August 22, 2022.

20.     Defendants deny the allegations set forth in paragraph "20" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that Defendants represented Plaintiff in the sale of his property located at 22 Renick Street, 7B, New York, New York that took place on August 22, 2022.

21.     Defendants deny the allegations set forth in paragraph "21" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that Defendants represented Plaintiff in the sale of his property located at 22 Renick Street, 7B, New York, New York that took place on August 22, 2022.

22.     Defendants deny the allegations set forth in paragraph "22" of the Plaintiff's Complaint, and refer all questions of law to the court.

23.     Defendants deny the allegations set forth in paragraph "23" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that it refers this Honorable Court to the document which speaks for itself.

24.     Defendants deny the allegations set forth in paragraph "24" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that it refers this Honorable Court to the document which speaks for itself.

25.     Defendants deny the allegations set forth in paragraph "25" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that it refers this Honorable Court to the document which speaks for itself.

283506276v.2

26. Defendants deny the allegations set forth in paragraph "26" of the Plaintiff's Complaint, and refer all questions of law to the court.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained within paragraph "27" of the Plaintiff's Complaint.

28. Defendants deny the allegations set forth in paragraph "28" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that Defendant Wexler and Kaufman, PLLC agreed to act as escrowee and only hold the down payment for the seller's account in escrow.

29. Defendants admit the allegations set forth in paragraph "29" of the Plaintiff's Complaint.

30. Defendants admit the allegations set forth in paragraph "30" of the Plaintiff's Complaint.

31. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained within paragraph "31" of the Plaintiff's Complaint except admit that Defendant Evan Teich attended the closing of Plaintiff property located at 22 Renick Street, 7B, New York, New York on August 22, 2022 on Plaintiff's behalf.

32. Defendants admit the allegations set forth in paragraph "32" of the Plaintiff's Complaint.

33. Defendants deny the allegations set forth in paragraph "33" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that it refers this Honorable Court to the document which speaks for itself.

34. Defendants deny the allegations set forth in paragraph "34" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that it refers this Honorable Court to the document which speaks for itself.

35. Defendants deny the allegations set forth in paragraph "35" of the Plaintiff's Complaint, except admit that Defendant Wexler and Kaufman, PLLC was paid $5,550 in legal fees by Plaintiff in connection with the sale of Plaintiff's property located at 22 Renick Street, 7B, New York which took place on August 22, 2022.

36. Defendants deny the allegations set forth in paragraph "36" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that it refers this Honorable Court to the document which speaks for itself.

37. Defendants deny the allegations set forth in paragraph "37" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that it refers this Honorable Court to the document which speaks for itself.

38. Defendants deny the allegations set forth in paragraph "38" of the Plaintiff's Complaint, and refer all questions of law to the court.

39. Defendants deny the allegations set forth in paragraph "39" of the Plaintiff's Complaint, and refer all questions of law to the court.

40. Defendants deny the allegations set forth in paragraph "40" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that it refers this Honorable Court to the document which speaks for itself.

41. Defendants deny the allegations set forth in paragraph "41" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that it refers this Honorable Court to the document which speaks for itself.

42. Defendants deny the allegations set forth in paragraph "42" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that it refers this Honorable Court to the document which speaks for itself.

43. Defendants deny the allegations set forth in paragraph "43" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that it refers this Honorable Court to the document which speaks for itself.

44. Defendants deny the allegations set forth in paragraph "44" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that it refers this Honorable Court to the document which speaks for itself.

45. Defendants deny the allegations set forth in paragraph "45" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that it refers this Honorable Court to the document which speaks for itself.

46. Defendants deny the allegations set forth in paragraph "46" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that it refers this Honorable Court to the document which speaks for itself.

47.     Defendants deny the allegations set forth in paragraph "47" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that it refers this Honorable Court to the document which speaks for itself.

48.     Defendants deny the allegations set forth in paragraph "48" of the Plaintiff's Complaint, and refer all questions of law to the court.

49.     Defendants deny the allegations set forth in paragraph "49" of the Plaintiff's Complaint, and refer all questions of law to the court.

**As to Plaintiff Learns of the Fraud and Defendants Falsely Provide Assurances**

50.     Defendants deny the allegations set forth in paragraph "50" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that it refers this Honorable Court to the document which speaks for itself.

51.     Defendants deny the allegations set forth in paragraph "51" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that it refers this Honorable Court to the document which speaks for itself.

52.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained within paragraph "52" of the Plaintiff's Complaint.

53.     Defendants deny the allegations set forth in paragraph "53" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that it refers this Honorable Court to the document which speaks for itself.

283506276v.2

54. Defendants deny the allegations set forth in paragraph "54" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that it refers this Honorable Court to the document which speaks for itself.

55. Defendants deny the allegations set forth in paragraph "55" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that it refers this Honorable Court to the document which speaks for itself.

56. Defendants deny the allegations set forth in paragraph "56" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that it refers this Honorable Court to the document which speaks for itself.

57. Defendants deny the allegations set forth in paragraph "57" of the Plaintiff's Complaint, and refer all questions of law to the court.

58. Defendants deny the allegations set forth in paragraph "58" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that it refers this Honorable Court to the document which speaks for itself.

59. Defendants deny the allegations set forth in paragraph "59" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that it refers this Honorable Court to the document which speaks for itself.

60. Defendants deny the allegations set forth in paragraph "60" of the Plaintiff's Complaint, and refer all questions of law to the court.

61. Defendants deny the allegations set forth in paragraph "61" of the Plaintiff's Complaint, and refer all questions of law to the court.

62. Defendants deny the allegations set forth in paragraph "62" of the Plaintiff's Complaint, and refer all questions of law to the court.

63. Defendants deny the allegations set forth in paragraph "63" of the Plaintiff's Complaint, and refer all questions of law to the court.

64. Defendants deny the allegations set forth in paragraph "64" of the Plaintiff's Complaint, and refer all questions of law to the court.

**As to First Cause of Action for Legal Malpractice**

65. In response to paragraph "65" of the Plaintiff's Complaint, the answering defendants repeat and reiterate each and every response to the allegations contained in paragraphs designated "1" through "64" of the plaintiff's Complaint as if fully set forth herein at length.

66. Defendants deny the allegations set forth in paragraph "66" of the Plaintiff's Complaint, and refer all questions of law to the court.

67. Defendants admit the allegations set forth in paragraph "67" of the Plaintiff's Complaint.

68. Defendants deny the allegations set forth in paragraph "68" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that Defendants represented

Plaintiff in the sale of his property located at 22 Renick Street, 7B, New York, New York that took place on August 22, 2022.

69. Defendants deny the allegations set forth in paragraph "69" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that Defendants represented Plaintiff in the sale of his property located at 22 Renick Street, 7B, New York, New York that took place on August 22, 2022.

70. Defendants deny the allegations set forth in paragraph "70" of the Plaintiff's Complaint, and refer all questions of law to the court except admit that Defendants represented Plaintiff in the sale of his property located at 22 Renick Street, 7B, New York, New York that took place on August 22, 2022.

71. Defendants deny the allegations set forth in paragraph "71" of the Plaintiff's Complaint, and refer all questions of law to the court.

72. Defendants deny the allegations set forth in paragraph "72" of the Plaintiff's Complaint, and refer all questions of law to the court.

73. Defendants deny the allegations set forth in paragraph "73" of the Plaintiff's Complaint, and refer all questions of law to the court.

74. Defendants deny the allegations set forth in paragraph "74" of the Plaintiff's Complaint, and refer all questions of law to the court.

75. Defendants deny the allegations set forth in paragraph "75" of the Plaintiff's Complaint, and refer all questions of law to the court.

76. Defendants deny the allegations set forth in paragraph "76" of the Plaintiff's Complaint, and refer all questions of law to the court.

77. Defendants deny the allegations set forth in paragraph "77" of the Plaintiff's Complaint, and refer all questions of law to the court.

78. Defendants deny the allegations set forth in paragraph "78" of the Plaintiff's Complaint, and refer all questions of law to the court.

79. Defendants deny the allegations set forth in paragraph "79" of the Plaintiff's Complaint, and refer all questions of law to the court.

80. Defendants deny the allegations set forth in paragraph "80" of the Plaintiff's Complaint, and refer all questions of law to the court.

## As to Second Cause of Action for Breach of Contract

81. In response to paragraph "81" of the plaintiff's Complaint, the answering defendants repeat and reiterate each and every response to the allegations contained in paragraphs designated "1" through "80" of the Plaintiff's Complaint as if fully set forth herein at length.

82. Defendants deny the allegations set forth in paragraph "82" of the Plaintiff's Complaint, except admit that Defendant Wexler and Kaufman, PLLC agreed to act as escrowee and only hold the down payment for the seller's account in escrow.

83. Defendants deny the allegations set forth in paragraph "83" of the Plaintiff's Complaint, and refer all questions of law to the court.

283506276v.2

84. Defendants deny the allegations set forth in paragraph "84" of the Plaintiff's Complaint, and refer all questions of law to the court.

85. Defendants deny the allegations set forth in paragraph "85" of the Plaintiff's Complaint, and refer all questions of law to the court.

86. Defendants deny the allegations set forth in paragraph "86" of the Plaintiff's Complaint, and refer all questions of law to the court.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. That the alleged damages claimed to have been sustained by Plaintiff in the Complaint were caused, in whole or in part, by the culpable conduct of the Plaintiff, without any culpable conduct on the part of answering Defendants. Damages, if any, are to be diminished proportionately to Plaintiff's culpable conduct.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. That there were intervening and superseding acts and occurrences, including but not limited to acts of Plaintiff, and/or other third-parties, over which answering Defendants had no control and which caused the injuries and/or damages alleged by Plaintiff.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3. The Plaintiff's Complaint fails to state a cause of action for which relief can be granted.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4. The Plaintiff's action is barred by the doctrine of estoppel.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

5. The Plaintiff has failed to mitigate his damages.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

6. The Plaintiff's action is barred by the doctrine of unclean hands.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

7. The Plaintiff's action is barred by the doctrine of waiver.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

8. The Plaintiff's action is barred by the statute of frauds

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

9. Plaintiff cannot plead and prove that he sustained any damages.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

10. Answering Defendants reserve the right to allege such other and further defenses as may be discovered in the course of the defense of this action.

**WHEREFORE,** defendants WEXLER & KAUFMAN, PLLC, BRETT WEXLER and EVAN TEICH demand judgment dismissing the Plaintiff's Complaint, together with the costs and disbursements of this action and for attorneys' fees and expenses incurred herein, and in the alternative, and in the event that Plaintiff prevails, the defendants, WEXLER & KAUFMAN, PLLC, BRETT WEXLER and EVAN TEICH demand judgment determining the respective percentages of fault on the part of the Plaintiff and Defendants, thereby reducing the amount of damages awarded against defendants by the respective percentages of fault of the Plaintiff.

Dated:  New York, New York
        June 5, 2023

                                        Yours, etc.,

                            WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP


                            By:     /s/
                                    Joseph L. Francoeur, Esq.
                                    Evgenia Soldatos, Esq.
                                    *Attorneys for Defendants*
                                    150 East 42nd Street
                                    New York, New York 10017-5639
                                    Telephone:  212.490.3000


To:
Matthew F. Schwartz, Esq.
SCHWARTZ & PONTERIO, PLLC
*Attorneys for Plaintiff*
134 West 29th Street – Suite 1001
New York, New York 10001
212.714.1200

283506276v.2