UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- x
CARL ULFSSON BONDE,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Plaintiff,　　　　　　:　　Case No. 23-cv-02877-JGK
　　　　　　　　　　　　　　　　　　　　:
　　　-against-　　　　　　　　　　　　　　:　　**JOINT RULE 26(f) REPORT AND**
　　　　　　　　　　　　　　　　　　　　:　　**PROPOSED DISCOVERY PLAN**
WEXLER & KAUFMAN, PLLC, BRETT WEXLER,　:
and EVAN TEICH,　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Defendants.　　　　　:
------------------------------------------------- x

　　　　　The parties have conferred concerning discovery in this case and respectfully submit for the Court's consideration this Joint Rule 26(f) Report and Proposed Discovery Plan in accordance with Rule 26(f) of the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Southern District of New York, the Individual Practices of Judge John G. Koeltl, and the Court's Order filed June 6, 2023 (ECF # 20).

**1.　　Summary of Claims and Defenses**

　　　*(A)　　Plaintiff's Summary:*

　　　　　This is an action for legal malpractice. Plaintiff Carl Ulfsson Bonde retained defendants Wexler & Kaufman, PLLC, Brett Wexler, and Evan Teich to represent him in the sale of his condominium apartment in Manhattan. The closing occurred on August 22, 2022. At that time, plaintiff resided in the UK so he did not attend the closing. Defendant Teich attended the closing with power of attorney for plaintiff.

　　　　　As part of the representation, the defendants received and deposited purchase funds in their attorney IOLA account. After paying the prior mortgage, the sales commission, and other closing expenses, the defendants had over $427,000 in net sale proceeds in their account to distribute to plaintiff. Defendant Teich advised plaintiff by e-mail (copied to defendant Wexler) that the sale

had closed and asked for wire instructions to send him the net sale proceeds. Plaintiff responded by e-mail to Teich (copied to Wexler) and provided accurate wire instructions to his HSBC account. The defendants received plaintiff's instructions, however, they never verbally confirmed the wire instructions provided by plaintiff. Apparently, defendants had no firm policy or protocol requiring verbal confirmation of wire instructions.

A cybercriminal impersonated plaintiff from an e-mail address different from plaintiff's. Wexler, despite having been copied on plaintiff's earlier e-mail with wire instructions, asked the cybercriminal for additional instructions, which they provided for an account at Barclays Bank. Again, defendants failed to verbally confirm wire instructions – this failure was especially egregious given that this was a second, conflicting set of wire instructions received by the firm, a clear indication that criminal activity was afoot. Defendants wired over $427,000 in plaintiff's sale proceeds to Barclays account as directed by the cybercriminal. To date, defendants have not explained why they asked for, or chose to follow, the second set of wire instructions. Defendants give plaintiff false assurances the wire would be recalled but they failed to stop or recall the transfer. Defendants reported the incident to the FBI but the funds have not been recovered.

### (B)  Defendants' Summary:

Plaintiff retained Defendant Wexler & Kaufman, PLLC ("Wexler") to represent him in connection with the sale of his condominium apartment located at 22 Renick Street, Unit 7B, New York, New York 10013. Defendants Brett Wexler and Evan Teich of Wexler worked on the transaction.

On August 22, 2022, at the closing Wexler was holding a total of $428,872.37 in sale proceeds for Plaintiff. Immediately following the closing, due to a fraud/cyber security hack

believed to have originated with plaintiff's account, the transfer of Plaintiff's sale proceeds from Wexler's Attorney Escrow Account did not reach Plaintiff. Instead, an individual portraying to be the seller received the funds. Wexler was in email communications with Plaintiff until the cyber hack intercepted the email conversations. It was not until Wexler sent Plaintiff confirmation of the wire, which contained the banking information for the individual portraying to be the seller, that all parties discovered that the wire instructions were false. All good faith attempts by Wexler to recall the wire were unsuccessful.

**2.  A Proposed Deadline for Amending Pleadings and/or Joining Additional Parties**

The parties propose July 31, 2023 as the deadline for amending the pleadings and/or joining additional parties.

**3.  Discovery Plan**

*(A)  Initial Disclosures*

Plaintiff has served his initial Rule 26 disclosures comprising over 2,000 pages of material, including copies of relevant e-mails. Defendants have served their initial disclosures and have produced all e-mails referenced in Plaintiff's Request for Production No. 5 (Plaintiff's Combined Discovery Demands dated May 22, 2023). Defendants will respond to plaintiff's discovery requests and produce all remaining documents concerning the matters alleged in the pleadings by August 2, 2023.

3

**(B)   The Subjects on Which Discovery May Be Needed**

*Plaintiff's Position:* Plaintiff will seek on the following subjects:

1. Documents and ESI relating to the sale transaction and wire transfer;

2. E-mails and other communications sent and received by defendants, including those exchanged with the cybercriminal, at or near the time of closing;

3. Determining how the cybercriminal learned about the details and timing of the closing;

4. Defendants' explanation for sending the wire transfer to the wrong bank account;

5. Defendants' attempts to recall/cancel the erroneous wire transfer;

6. Defendants' practices and procedures for executing and receiving wire transfers as they existed at the time of the closing;

7. Defendants' cybersecurity practices and procedures as they existed at the time of the closing;

8. Non-party discovery from other witnesses identified in plaintiff's rule 26 disclosures who have information concerning the closing, the erroneous wire transfer, and defendants' practices and procedures relating to wire transfers and cybersecurity.

*Defendants' Position:*

1. Documents and ESI relating to the sale transaction and wire transfer;

2. E-mails and other communications sent and received by plaintiff as related to the closing of the subject property;

3. Determining the source of the hack by the cybercriminal, currently believed to be plaintiff's accounts;

4. Whether any of the non-parties identified by plaintiff in its Rule 26 disclosures have information regarding who was hacked by the cybercriminals (currently believed to be plaintiff's account), as this may have included their own computer systems.

4

### (C) Schedule for Completion of Discovery

Subject to the Court's approval, the parties jointly propose the discovery schedule outlined below.

| Discovery | Deadline |
|---|---|
| Deadline to Complete Fact Discovery | November 17, 2023 |
| Deadline to serve expert disclosures on issues with respect to which the parties bear the burden of proof | December 22, 2023 |
| Deadline to serve rebuttal expert disclosures | January 19, 2024 |
| Deadline to complete expert depositions | February 23, 2024 |

Before filing any discovery motions, the parties shall comply with Local Civil Rule 37.2. The parties shall defer to the schedule set by the Court as the result of any conferences held pursuant to those rules.

### (D) Whether Discovery Should be Conducted in Phases or Limited to Certain Issues

The parties do not believe that discovery should be phased or limited to certain issues.

### (E) Electronically Stored Information

The parties confirm that they have taken steps to preserve documents and information relevant to the claims and defenses at issue in this action. The parties shall meet and confer regarding the methods and means of locating and producing electronically stored information including e-discovery parameters and search terms to be employed including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, and appropriate steps to preserve electronically stored information. The parties agree that any electronic files or e-mails (and attachments) produced as part of discovery will be

5

produced in their original form together with pdf copies. The parties agree to meet and confer to discuss the appropriate scope of e-mail discovery, including the identification of custodians and search terms. The parties will submit a proposed Order providing for the format and production of ESI for the Court's consideration and identify any disputes related to that Order that require the Court's resolution.

### *(F) Privilege Issues*

The parties agreed that they will not log any communications between the parties and their outside litigation counsel in this action. The parties need not log any privileged communications sent after September 20, 2022, the date plaintiff retained counsel. The parties agree that all attorney-client communications and attorney work product created after September 20, 2022 are presumptively protected from disclosure at least by the attorney-client privilege and/or the attorney work product doctrine and need not be identified on privilege logs in connection with this action.

### *(G) Other Discovery Issues*

1. The parties agree to accept service of discovery requests and responses by email (except for any documents to be filed with the Court via ECF, in which case service will be automatically effected).

2. Plaintiff requests that his deposition be conducted remotely. Plaintiff resides in the United Kingdom and it would pose an unnecessary hardship for plaintiff to be required to travel to New York for the deposition. Defendants are considering this request.

### 4. Prompt Case Resolution

The parties will endeavor to promptly resolve this case to the extent reasonably possible, while protecting the legitimate interests of all parties.

6

5. **Anticipated Motions**

The parties anticipate filing summary judgment or other dispositive motions once discovery is completed to resolve some or all of the claims prior to trial.

6. **Trial**

If there are issues requiring trial, the trial will be by a jury. Plaintiff estimates that the trial will take 3-5 days.

Dated: June 20, 2023

Respectfully submitted,

SCHWARTZ & PONTERIO, PLLC

*Matthew Schwartz*

By: Matthew F. Schwartz
134 West 29th Street, Suite 1001
New York, New York 10001
(212) 714-1200
*Attorney for Plaintiff*

WILSON ELSER MOSKOWITZ,
EDELMAN & DICKER LLP

*Evgenia Soldatos*

By: Evgenia Soldatos
150 East 42nd Street
New York, New York 10017
(212) 915-5282
*Attorney for Defendants*

---

*Handwritten order:*

All discovery to be completed by March 22, 2024. Any Dispositive motions to be filed by April 12, 2024. Joint Pre-Trial Order to be filed by May 3, 2024, or 21 days after decision of any dispositive motion & ready Trial, 72 hours notice, 21 days after submission of the Joint Pre-Trial Order.

So ordered.
6/20/23  [signature] J.G.K.
U.S.D.J.

The case will be referred to the Magistrate Judge for possible settlement.

7