UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARL ULFSSON BONDE,

    Plaintiff,

    -against-

WEXLER & KAUFMAN, PLLC, et al.,

    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/30/2023

23-CV-2877 (JGK) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons stated on the recording during today's conference, plaintiff Carl Bonde's letter-motion dated October 9, 2023 (Dkt. 28), seeking (i) an order compelling individual defendants Brett Wexler and Evan Teich to appear for deposition within the existing fact discovery period, and (ii) an order compelling defendants to produce internal communications among the personnel of defendant Wexler & Kaufman, PLLC (the Firm), presently withheld as privileged, is GRANTED IN PART, as follows:

1. <u>Defendants' Depositions</u>. Mr. Wexler and Mr. Teich shall appear for deposition on or before **November 17, 2023**, on dates reasonably convenient to the witnesses and counsel. Plaintiff should not expect that he will be given an opportunity to reopen these depositions after defendants serve their expert forensic report, discussed below.

2. <u>Plaintiff's Deposition</u>. Defendants may defer the deposition of Mr. Bonde until after they serve their expert forensic report, discussed below. Mr. Bonde shall appear for deposition promptly after the service of that report, on a date reasonably convenient to the witness and counsel.

3. <u>Ms. Bonde's Deposition</u>. Defendants having made no effort to compel the deposition of plaintiff's wife, non-party Zeena Benson Bonde, either by notice or

by subpoena, the Court issues no ruling at this time as to whether and when defendants may conduct a deposition of Ms. Bonde.

4. <u>Forensic Examination</u>. Defendants having retained an expert, Eric Weiden of Pondurance LLC (Pondurance), to conduct a forensic examination into which of the parties (if any) were "hacked," the parties shall promptly meet and confer to determine what access Pondurance will require to plaintiff's email account(s), computers, or other devices, and to develop appropriate procedures and safeguards to permit the examination to proceed efficiently while protecting the privacy of plaintiff's emails and/or other content unrelated to this lawsuit. The parties shall also discuss whether Ms. Bonde's email account(s), computers, or other devices should be included in the examination. No later than **November 8, 2023**, the parties shall file a joint letter advising the Court whether agreement has been reached on all such issues. If not, the parties shall succinctly describe their remaining disputes and any requested judicial relief. Absent further order of the Court, defendants' expert forensic report shall be served no later than **December 22, 2022**, along with any other expert disclosures on issues as to which defendants bear the burden of proof. (*See* Dkt. 22 at 5.)

5. <u>Communications Withheld as Privileged</u>. The Court defers decision on the branch of plaintiff's letter-motion seeking an order compelling defendants to produce various internal Firm communications presently withheld as privileged.

    a. <u>The Challenged Communications</u>. The items in question are 152 WhatsApp messages exchanged among Mr. Wexler, Marc Kaufman, and Dora Sagdullaev from August 24 to September 21, 2022, and two emails, sent on

        August 20, 2022, by Mr. Wexler to Aleksandr Dzyuba. Messrs. Wexler and Kaufman are partners at the Firm. Defendants' privilege log (Dkt. 34 at ECF pp. 6-15) does not identify Ms. Sagdullaev or Mr. Dzyuba. The log describes the privileges claimed as "Internal Firm Communication re: Claim" and (with respect to the emails) "Communication with IT personnel." During the conference, however, defendants' counsel stated that defendants are relying, in each instance, on the attorney-client privilege.

b.    <u>Legal Standards</u>. Under New York law, which applies in this diversity action, the attorney-client privilege protects "confidential communication[s] made between the attorney or his or her employee and the client in the course of professional employment[.]" N.Y. C.P.L.R. 4503(a)(1). Because the privilege "constitutes an 'obstacle' to the truth-finding process," its invocation "should be cautiously observed to ensure that its application is consistent with its purpose." *Matter of Priest v. Hennessy*, 51 N.Y.2d 62, 68 (1980) (quoting *Matter of Jacqueline F.*, 47 N.Y.2d 215, 219 (1979)). Among other things, "not all communications to an attorney are privileged. In order to make a valid claim of privilege, it must be shown that the information sought to be protected from disclosure was a 'confidential communication' made to the attorney for the purpose of obtaining legal advice or services." *Id.* at 69 (quoting *Matter of Jacqueline F.*, 47 N.Y.2d at 219).

c.    <u>Burden of Proof</u>. In New York (as elsewhere), "the burden is on [the] party claiming the protection of a privilege to establish those facts that are the

3

essential elements of the privileged relationship." *von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987) (internal quotation omitted). While the party asserting privilege need not serve affidavits or other evidence with its initial privilege log, once an assertion of privilege is challenged, and once court intervention is requested, that party must "submit evidence, by way of affidavit, deposition testimony or otherwise, establishing . . . the challenged elements of the applicable privilege or protection, with the ultimate burden of proof resting with the party asserting the privilege or protection." *A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*, 2002 WL 31385824, at *6 (S.D.N.Y. Oct. 21, 2002), *supplemented by A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*, 2002 WL 31556382 (S.D.N.Y. Nov. 15, 2002); *accord Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 2977175, at *5 (S.D.N.Y. May 20, 2016). "This burden can be met only by an evidentiary showing based on competent evidence . . . and cannot be 'discharged by mere conclusory or ipse dixit assertions.'" *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 470 (S.D.N.Y. 1993) (applying New York law and quoting *von Bulow*, 811 F.2d at 146); *see also Veleron Holding, B.V. v. BNP Paribus SA*, 2014 WL 4184806, at *2 (S.D.N.Y. Aug. 22, 2014) (concluding that Veleron failed to "submit evidence establishing the challenged elements of the privilege," and therefore "failed to sustain the claim of privilege").

    d.    <u>Evidentiary Submission</u>. Defendants have not yet submitted any admissible evidence establishing that the WhatsApp messages and emails they

    withheld as privileged are, in fact privileged. Defendants shall do so no later than **November 8, 2022**, by filing one or more affidavits or declarations supporting their claim that each of the withheld communications constitutes (i) a confidential communication (ii) between an attorney and his or her client (iii) made for the purpose of seeking or providing legal advice. *See Bowne of New York City*, 150 F.R.D. at 476, 492 (giving party asserting privilege "one last opportunity to make a proper showing"); *Royal Park*, 2016 WL 2977175, at *6-7 (same). Among other things, defendants' submission should explain the role of each individual in the challenged communications and demonstrate that the purpose of each such communication was to seek or provide *legal* advice.

 e. <u>In Camera Review</u>. Along with their evidentiary materials – which are to be be filed on the public docket – defendants shall submit, for *in camera* review by the Court, 10 of the challenged messages (half selected by defendants, and half by plaintiff). Defendant may submit the 10 samples via email, addressed to Moses_NYSDChambers@nysd.uscourts.gov.

 f. <u>Responding Letter</u>. No later than **November 15, 2023,** plaintiff may file a letter-brief, limited to four pages, responding to defendants' evidentiary submission.

The settlement conference scheduled for November 2, 2023 is ADJOURNED *sine die*. The Clerk of Court is respectfully directed to close the motions at Dkts. 28 and 29.

Dated: New York, New York
October 30, 2023

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**